1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

Allen G. Hutchens,                          )      CV 05-3580-PHX-DGC
9                                            )
          Plaintiff,                         )      **ORDER**
10                                           )
vs.                                          )
11                                           )
                                             )
12  Teresa Jean Hutchens; City of Kingman,   )
    Arizona; and Police Officer Bryan        )
13  Bredenkamp in his official capacity and  )
    individual capacity,                     )
14                                           )
          Defendants.                        )
15  _____  )

16        The parties have filed a large number of motions.  For the reasons stated below,

17  Defendants City of Kingman and Bryan Bredenkamp's motion to dismiss will be denied in

18  part and granted in part; Defendant Teresa Jean Hutchens's joinder in the motion to dismiss

19  will be denied; Defendants City of Kingman and Bryan Bredenkamp's motion to strike notice

20  of correction will be granted; Defendant Hutchens's motion to dismiss based on lack of

21  subject matter jurisdiction will be denied; Defendant Hutchens's motion for protective order

22  will be denied with clarifications for Plaintiff; Defendant Hutchens's motion for extension

23  of time will be denied as moot; Defendant Hutchens's motion to withdraw motion for

24  extension of time will be denied as moot; Plaintiff's motion to expedite clarification will be

25  denied; and Plaintiff's motion for clarification of case status will be denied as moot.

26  **I.    Background.**

27        Allen G. Hutchens, pro se, a citizen of Florida, sued Defendants Teresa Jean

28  Hutchens, City of Kingman, and Bryan Bredenkamp (a police officer for Kingman), all

1   Arizona citizens, based on diversity jurisdiction.  28 U.S.C. § 1332.  Plaintiff seeks

2   $3,000,000 in consequential and punitive damages.  Doc. #1.

3       Plaintiff alleges multiple tort claims against Defendant Teresa Hutchens, including

4   abuse of process, defamation, and intentional infliction of emotional distress (IIED).

5   Plaintiff's complaint also includes claims for negligence and IIED against City of Kingman

6   and Bredenkamp in his official and individual capacities.

7   **II.      Defendants City of Kingman and Mr. Bredenkamp's Motion to Dismiss.**

8       Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Kingman

9   and Bredenkamp move to dismiss the complaint for failure to state a claim.  Doc. #10.

10  Defendants assert that (1) the abuse of process and defamation claims are not alleged against

11  them, (2) Plaintiff cannot assert simple negligence against them, (3) Plaintiff cannot prove

12  a prima facie IIED claim, and (4) punitive damages are not available against a public entity

13  or its employees.  Plaintiff Teresa Hutchens has joined this motion.  Doc. #23

14      In response, Plaintiff filed a motion to deny the motion to dismiss.  He seeks leave to

15  amend his complaint to omit the punitive damages claim and to change his negligence claim

16  to a gross negligence claim.  Doc. #19.  Defendants oppose this motion and reaffirm their

17  arguments for dismissal based on Plaintiff's failure to state claims for negligence or IIED.

18  Doc. #31.  Plaintiff filed a reply to this motion reaffirming his requests that the motion to

19  dismiss be denied and leave to amend be granted.  Doc. #35.  Defendants filed a motion to

20  strike Plaintiff's reply to the motion to dismiss.  Doc. #37.

21      A court may not dismiss a complaint for failure to state a claim "unless it appears

22  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

23  entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v.*

24  *Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)); *see Conley v. Gibson*, 355 U.S. 41, 47

25  (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining*

26  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  "The federal rules require only a 'short

27  and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v.*

28  *Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)).  "The

1    Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to

2    state a claim." *Id.* at 249 (quotation marks omitted).  "All that is required are sufficient

3    allegations to put defendants fairly on notice of the claims against them." *McKeever v.*

4    *Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley*, 355 U.S. at 47).  Indeed, though "'it

5    may appear on the face of the pleadings that a recovery is very remote and unlikely[,] . . . that

6    is not the test.'" *Gilligan*, 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236

7    (1974)).  "'The issue is not whether the plaintiff will ultimately prevail but whether the

8    claimant is entitled to offer evidence to support the claims.'" *Id.*  Finally, it is well

9    established that pro se complaints, "however inartfully pleaded[,] are held to less stringent

10   standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

11   (quotation marks omitted); *see Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996)

12   ("Because Ortez is a pro se litigant, we must construe liberally his inartful pleading[.]")

13   (citation omitted).

14        When analyzing a complaint for failure to state a claim, "[a]ll allegations of material

15   fact are taken as true and construed in the light most favorable to the non-moving party."

16   *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *see Miree v. DeKalb County*, 433 U.S.

17   25, 27 n.2 (1977).  In addition, the district court must assume that all general allegations

18   "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano*

19   *Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) (citations omitted).  The district court

20   may not assume, however, that the plaintiff can prove facts different from those alleged in

21   the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*,

22   459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*,

23   407 F.3d 1027, 1035 (9th Cir. 2005) ("Although we assume the truth of the facts alleged in

24   the complaint, we cannot assume any facts necessary to the [plaintiffs'] claim that they have

25   not alleged.").

26        The Court will address Plaintiff's negligence, IIED, and punitive damages claim.  The

27   abuse of process and defamation claims are not alleged against Defendants City of Kingman

28   and Bredenkamp.  Those claims were specifically asserted against Defendant Hutchens.

1   Defendant Hutchens has not opposed these claims, and they will remain in the case against
2   her.

3       **A.    Negligence.**

4       Defendants argue that a city cannot be held liable for simple negligence, citing
5   *Landeros v. City of Tucson*, 831 P.2d 850, 851 (Ariz. App. Div. 2 1992).   The controlling law
6   in Arizona, however, is A.R.S. § 12-820.02.   This statute provides qualified immunity to
7   police officers for specific acts or omissions taken within the scope of their duties.   In
8   *Calnimptewa v. Flagstaff Police Dept.*, 30 P.3d 634 (Ariz. App. Div. 1 2001), Flagstaff
9   police officers were accused of negligence in failing to obtain medical care for an arrestee.
10   The court interpreted A.R.S. § 12-820.02 according to its "plain language" and held that the
11   statute did not cover the officers' specific acts or omissions.   Because the statute did not grant
12   the police defendants qualified immunity, they were subject to an ordinary negligence
13   standard.  *Id.* at 639.

14       Here, the Defendants' specific acts – an alleged conspiracy and failure adequately to
15   investigate Defendant's credibility before contacting Plaintiff – are not included in A.R.S.
16   § 12-820.02.   Because the statute does not grant Defendants qualified immunity, an ordinary
17   negligence standard applies.  *Id.*

18       Defendant Bredenkamp does enjoy personal immunity from civil suit.   A.R.S.
19   § 41-621(J) states that "[a] state officer, agent or employee, except as otherwise provided by
20   statute, is not personally liable for an injury or damage resulting from his act or omission in
21   a public official capacity where the act or omission was the result of the exercise of the
22   discretion vested in him if the exercise of the discretion was done in good faith without
23   wanton disregard of his statutory duties."   Plaintiff has not alleged that Defendant
24   Bredenkamp failed to act in good faith or with wanton disregard of his statutory duties.

25       The motion to dismiss the negligence claim against the Defendants City of Kingman,
26   Mr. Bredenkamp in his official capacity, and Teresa Hutchens will be denied.   The motion
27   to dismiss the negligence claim against Defendant Bredenkamp in his individual capacity
28   will be granted.

**B.** **Intentional Infliction of Emotional Distress.**

To recover on an IIED claim, a plaintiff must prove that (1) the defendant's conduct was extreme and outrageous, (2) the defendant either intended to cause emotional distress or recklessly disregarded the near certainty that distress would result from the conduct, (3) the conduct caused the plaintiff to suffer emotional distress, and (4) the emotional distress was severe. *See Lucchesi v. Stimmell*, 716 P.2d 1013, 1015-16 (Ariz. 1986) (citing *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980)); *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

Defendants argue that Plaintiff has failed to meet his burden on the first and second prongs of the IIED claim. Construed liberally, however, Plaintiff's complaint alleges that Defendants engaged in extreme and outrageous conduct and internationally caused emotional distress. Doc. #1. Nothing more is required at the pleading stage. Defendants' motion to dismiss the IIED claim against City of Kingman, Mr. Bredenkamp in his official capacity, and Teresa Hutchens accordingly will be denied. The motion to dismiss the IIED claim against Defendant Bredenkamp in his individual capacity will be granted under A.R.S. § 41-621(J) as discussed above.

**C.** **Punitive Damages.**

Defendants correctly cite A.R.S. § 12-820.04, which states that "neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Defendants City of Kingman and Mr. Bredenkamp are, therefore, immune from punitive damages and their motion to dismiss on this issue will be granted. Ms. Hutchens does not enjoy the same immunity and her joinder in this portion of the motion will be denied.

**III.** **Defendants' Motion To Strike.**

Defendants' motion to strike Plaintiff's reply will be granted as it is redundant under Federal Rule of Civil Procedure 12(f). Doc. #37. That rule provides: "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's request to amend will also be denied because

1    it appears unnecessary in light of this order and it was not asserted in a proper Rule 15

2    motion.

3    **IV.    Defendant Teresa Hutchens's Motion to Dismiss.**

4           Defendant Hutchens moves to dismiss Plaintiff's complaint for lack of subject matter

5    jurisdiction because the complaint fails to meet the requisite amount in controversy under 28

6    U.S.C. § 1332.    Doc. #13.    Defendant Hutchens argues that Plaintiff's $3,000,000

7    consequential damages claim has not been made in good faith and that the facts supporting

8    damages in this case are insufficient to support federal diversity jurisdiction.  Doc. #15.

9           The court has diversity jurisdiction over cases between citizens of different states

10   involving claims greater than $75,000.  28 U.S.C. § 1332.  The test for evaluating the

11   jurisdictional amount was set forth in *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S.

12   283 (1938), as follows:

13           It must appear to a legal certainty that the claim is really for less than the
             jurisdictional amount to justify dismissal. The inability of plaintiff to recover
14           an amount adequate to give the court jurisdiction does not show his bad faith
             or oust the jurisdiction. Nor does the fact that the complaint discloses the
15           existence of a valid defense to the claim.

16   *Id*. at 289.

17          The Ninth Circuit has held that a pleading is sufficient to confer federal diversity

18   jurisdiction if it alleges that the matter in controversy exceeds, exclusive of interest and costs,

19   the requisite amount in controversy. *Yoder v. Assiniboine and Sioux Tribes of Fort Peck*, 339

20   F.2d 360 (9th Cir. 1964) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269 (1936)).  In

21   making this determination, courts look to the face of the complaint. *Commercial Cas. Ins.*

22   *Co. v. Fowles*, 154 F.2d 884 (9th Cir. 1946).

23          Plaintiff's complaint seeks damages in excess of $75,000. Doc. #1. While the alleged

24   $3,000,000 in consequential damages appears excessive, the court cannot conclude to a legal

25   certainty that Plaintiff's damages are less than $75,000.  Plaintiff is alleging multiple claims

26   against multiple defendants and is seeking punitive damages from at least one.  Defendant

27   Hutchens's motion to dismiss accordingly will be denied.

28   / / /

**V.      Defendant Teresa Hutchens's Motion for a Protective Order**.

Defendant Hutchens moves for a protective order.  She requests that the court instruct Plaintiff to cease all contact with her.  Doc. #11.  Plaintiff opposes the motion for lack of good cause.  Doc. #17.

Because Defendant cites no authority for this protective order, the requested relief will be denied.  The Court notes, however, that Plaintiff is bound by the same ethical limitations on lawyers in litigation.  *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants in ordinary civil cases should not be treated more favorably than parties represented by attorneys).  Attorneys must refrain from directly contacting parties represented by counsel regarding the subject of the representation.  Ethical Rule 4.2, Arizona Rules of Professional Conduct, Ariz.R.Sup.Ct. 42.  The Court will require Plaintiff to comply with this same ethical rule and communicate with Defendant Hutchens about this litigation only through her counsel.

**VI.      Plaintiff's Motion for Expedited Processing and Clarification.**

Plaintiff moves for expedited processing and for clarification of case status regarding the court's jurisdiction.  Doc. #18.  This order addresses Plaintiff's request.

**VII.      Defendant Teresa Hutchens's Motion for Additional Time.**

Defendant Hutchens filed a motion for additional time, it was opposed by Plaintiff, and ultimately withdrawn by Defendant. Docs. # 12, 26, 24.  The motion will be denied as moot.

**IT IS ORDERED:**

1.      Defendants City of Kingman and Bryan Bredenkamp's Motion to Dismiss for failure to state a claim (Doc. #10) is **denied in part and granted in part**.

2.      To the extent Defendant Teresa Jean Hutchens joins the above motion (Doc. #23), it is **denied** with respect to her.

3.     Defendants City of Kingman and Bryan Bredenkamp's Motion to Strike Notice of Correction (Doc. #37) is **granted**.

4.     Defendant Hutchens's Motion to Dismiss based on lack of subject matter jurisdiction (Doc. #13) is **denied**.

5.     Defendant Hutchens's Motion for Protective Order (Doc. #11) is **denied** with the clarification set forth above.

6.     Defendant Hutchens's Motion to Withdraw Motion for Extension of Time (Doc. # 24) is **denied as moot**.

7.     Defendant Hutchens's Motion for Extension of Time (Doc. #12) is **denied as moot**.

8.     Plaintiff's Motion to Expedite Clarification (Doc. #18) is **denied**.

9.     Plaintiff's Motion for Clarification of Case Status (Doc. #18) is **denied as moot**.

10.     The Court will set a Case Management Conference by separate order.

DATED this 19th day of June, 2006.

_____
David G. Campbell
United States District Judge

- 8 -